UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GREGORY P. MANGO, | Case No. 23-cv-03422-LB |
| Plaintiff, | |
| v. | **ORDER DENYING SERVICE BY CALIFORNIA SECRETARY OF STATE** |
| SPECIAL AUTOMOTIVE SOLUTIONS, | |
| Defendant. | Re: ECF No. 11 |

In this copyright-infringement case, the plaintiff has moved to serve the defendant through the California Secretary of State. The plaintiff contends that despite diligent efforts, he has been unable to effectuate service because the defendant's "registered agent information on file with the California Secretary of State is inaccurate or [the] registered agent is avoiding service."[1]

Federal Rule of Civil Procedure 4(h)(1)(A) allows service of process on corporations and other business entities by any method permitted by the law of the state in which the district court is located or in which service is made. *See* Fed. R. Civ. P. 4(e)(1) & (h)(1)(A). Under California law, a court may authorize service on a corporation through the Secretary of State if (1) the corporation's agent for service "has resigned and has not been replaced" or "cannot with reasonable diligence be found at the address designated," and (2) the plaintiff shows by affidavit

---

[1] Compl. – ECF No. 1; Mot. – ECF No. 11. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 23-cv-03422-LB

that process "against [the] domestic corporation cannot be served with reasonable diligence." Cal. Corp. Code § 1702(a). The second, "reasonable diligence" requirement may be satisfied by showing that process cannot be served (i) on the corporation's designated agent by hand under California Civil Code sections 415.10, 415.20(a), or 415.30(a), or (ii) on the corporation itself under Civil Code sections 416.10(a)–(c) or 416.20(a). *Id.*

The plaintiff declares that (1) the defendant's business address is the same as that of the defendant's registered agent for service, (2) that address is a rentable office workspace and the defendant's corporate statement of information is out of date, (3) the plaintiff attempted service at that address but located only an individual not associated with the defendant, and (4) the plaintiff attempted service on an individual sharing the name of the defendant's registered agent at another address, but that was not the right person.[2]

The court denies the motion. The plaintiff has satisfied the first requirement under § 1702(a) because the defendant's registered agent could not be found at the address designated. But for the second requirement, the plaintiff must at least attempt service on the corporation itself, such as by serving a corporate officer. *Gibble v. Car-Lene Rsch., Inc.*, 67 Cal. App. 4th 295, 311–12 (1998) ("[A] careful reading of Corporations Code section 1702 suggests that a party serving process upon any corporation . . . should, and arguably must, first attempt service upon both the officers and agents enumerated in subdivisions (b) and (c) of section 416.10, and upon a 'trustee' pursuant to section 416.20, before resorting to Secretary of State service."). The defendant's corporate officers are named in its October 2022 statement of information.[3] *Johnson v. Umbarger LLC*, No. 20-CV-06542-LHK, 2021 WL 292192, at *2–3 (N.D. Cal. Jan. 28, 2021) (explaining methods to satisfy the "reasonable diligence" requirement of § 1702(a), including by relying on the corporation's statement of information filed with the California Secretary of State).

---

[2] Mandel Decl. – ECF No. 11-1 at 2–3 (¶¶ 2–9).

[3] Special Automotive Solutions, Statement of Information (Oct. 17, 2022), https://bizfileonline.sos.ca.gov/api/report/GetImageByNum/02914912301919715205004903413617721109809105 8236.

ORDER – No. 23-cv-03422-LB      2

At this time, the court denies the plaintiff's motion to serve the defendant through the California Secretary of State. This resolves ECF No. 11.

**IT IS SO ORDERED.**

Dated: October 3, 2023

_____
LAUREL BEELER
United States Magistrate Judge